<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
ANTHONY MCNEIL, Sr.                     :
                                        :          Civil No. 05-0065 (FLW)
            Plaintiff,                  :
                                        :
      v.                                :          **O P I N I O N**
                                        :
PETER HARVEY, et al.,                   :
                                        :
            Defendants.                 :
_____:

<u>**APPEARANCES**</u>:

      ANTHONY MCNEIL, Plaintiff <u>Pro Se</u>
      Burlington  County Jail
      49-50 Rancocas Road
      Mount Holly, New Jersey 08060

<u>**WOLFSON, DISTRICT JUDGE**</u>

      Plaintiff Anthony McNeil, Sr. ("McNeil") seeks to bring this civil rights action <u>in forma</u>

<u>pauperis</u> pursuant to 28 U.S.C. § 1915, and has moved for an entry of default pursuant to Federal Rule

of Civil Procedure 55.  Based upon Plaintiff's submission, the Court will (1) grant <u>in forma pauperis</u>

status; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3)

assess the $250.00 filing fee against McNeil; and (4) direct the agency having custody of the Plaintiff

to forward payments from his prison account to the Clerk of the Court each month that the amount in

the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. § 1915(a) (b). [1]

The Court has considered Plaintiff's request for entry of default in light of its responsibility under 28 U.S.C. § 1915(e) (2), to review the Complaint to identify cognizable claims.  The Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and deny Plaintiff's request for default.

## I. BACKGROUND

Plaintiff appears to bring this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights secured by the Constitution and laws of the United States.[2]  The Defendants are Peter Harvey, the New Jersey Attorney General; Eric Schweiker , Thomas S. Smith, Jr., and Kevin Meehan, each named in the Complaint as a "public servant; " and unknown other Defendants.  (Compl., Caption and Parties.)

---

[1]     Plaintiff has also submitted papers that appear to request habeas corpus relief (see Docket, entry #3).  Suffice it to say that he must bring this claim in a separate habeas petition rather than in this § 1983 action, and either pay the appropriate filing fee or apply for in forma pauperis status in that separate action.

[2]     42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute,  ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Complaint in its present form is rambling, incoherent, mixes facts with law, and fails to conform to the requirement of Federal Rule of Civil Procedure 8(a) that it set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993); see also McNeil v. United States, 508 U.S. 106, 113 (1993).  However, it appears that Plaintiff is attempting to assert (1) that he was arrested and falsely imprisoned when he entered New Jersey to testify as a witness, and (2) that a conspiracy existed among the Defendants to violate his constitutional rights.  Moreover, in addition to his assertions of constitutional violations, Plaintiff also alleges various violations of New Jersey law and state causes of action such as slander and intentional infliction of emotional distress.. (Com. )

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee.  28 U.S.C. § 1915(e)(2)(B).  The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  Id.

A.  Standard for Dismissal

Rule 8 (a) (2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a) (2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).   Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that

these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A.

Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990).  The Court

"must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled

to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder

v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460,

474 (D.N.J. 1998) (citing Nami and Holder).

   A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.

Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v.

I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir.

2000)  "Under our liberal pleading rules, during the initial stage of litigation, a district court should

construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of

the complaint as they appear[] in the complaint."  Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see

also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  But a court need not credit a complaint's

"bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate.  Morse v.

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots

Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading

as factual conclusions will not suffice to prevent a motion to dismiss.").  "When it appears beyond

doubt that no relief could be granted under any set of facts which could be proved consistent with the

allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper."  Robinson v. Fauver, 932

F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Barrett

v. City of Allentown, 152 F.R.D. 50, 54 (E.D.Pa. 1993) (Complaint providing no facts whatsoever to

support claim asserted does not contain the requisite specificity for a civil rights complaint, even granting Plaintiffs leniency in light of their pro se status).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived or caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3).  Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior.  Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)).  The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. § 1915 (e)(2)(B) is warranted.

B. The Defendants

    Plaintiff has named Peter Harvey, (the New Jersey Attorney General); Eric Schweiker , Thomas

S.Smith, Jr., and Kevin Meehan, (each named in the Complaint as a "public servant; " and unknown

other Defendants.  (Compl., Caption and Parties.)  However, he has failed to present information as to

how, when and where his constitutional rights were violated, and by whom.  The Complaint fails to

show how the Defendants caused Plaintiff's constitutional rights to be violated.  At most, the

Complaint's assertions state nothing more than claims of respondeat superior liability and negligence

with regard to Plaintiff's allegedly false arrest and imprisonment; claims not actionable under 42 U.S.C.

§ 1983.  See Rode, supra (respondeat superior).  See also Estate of Bailey v. York County, 768 F.2d 503,

508 (3d Cir.1985); Beswick v. Philadelphia, 185 F. Supp.2d 418, 429 (E.D.Pa. 2001) (negligence).

    In addition, the Complaint at most states a broad and vague legal conclusion that the Defendants

engaged in a conspiracy against Plaintiff.  See Fernandez-Montes v. Allied Pilots Ass'n, supra.  For a

conspiracy claim, there must be evidence of  (1) an actual violation of a right protected under § 1983 and

(2) actions taken in concert by defendants with the specific intent to violate that  right.  Williams v.

Fedor, 69 F. Supp.2d 649, *664-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3rd Cir. 2000) (citing Kerr v.

Lyford, 171 F.3d 330, 340 (5th Cir.1999)).  See also Kelley v. Myler, 149 F.3d 641, 648-49 (7th

Cir.1998); (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist);

Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988) (plaintiff must show that the defendants " 'reached

an understanding to violate [his] rights' "); Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d

Cir.1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her

of a constitutional right under color of law). Plaintiff has completely failed to show how the Defendants

acted in concert to deprive him of his constitutional rights.  Again, even a liberal construction of the

pleadings shows nothing more than assertions of respondeat superior liability and negligence.  The Court

will dismiss these claims pursuant to 28 U.S.C. §§  1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

C.  Violations of New Jersey Law

Construed liberally, the Complaint alleges that actions of the Defendants violated his rights under the New Jersey Administrative Code and other state law.  (Compl., ¶ .)  However, violation of state law does not state a claim under 42 U.S.C. § 1983.  Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Green v. Patterson, 971 F. Supp. 891, 903 (D.N.J. 1997) (citing Elkin).   The Court also will dismiss these claims.

D.  State Claims

Plaintiff apparently relies on the doctrine of pendent jurisdiction to bring state law claims, including slander and intentional infliction of emotional distress before the Court.  The doctrine has been recognized as one of discretion.  See Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Heine v. Connelly, 644 F.Supp. 1508, 1516 (D.Del. 1986).  In this regard, the United States Supreme Court has advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  Mine Workers, 383 U.S. at 726; see Broderick.  v. Associated Hosp. Serv. of Philadelphia, 536 F.2d 1, 8 n.25 (3d Cir.1976); 28 U.S.C. § 1367(c)(3).  As all federal claims are being dismissed at this stage of the proceedings, the Court declines to exercise jurisdiction over Plaintiff's state common law claims.

E.  Plaintiff's Request For Default

_____Plaintiff has moved for the entry of default and default judgment pursuant to the Federal

Rules of Civil Procedure based upon failure of the Defendant to answer the Complaint.  Before

ordering an answer, a federal court screens a complaint for possible dismissal pursuant to 28 U.S.C.

§ 1915(e) (2) and may dismiss the case at any time if the Court determines that the action fails to

state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e) (2) (B)(ii).  As the Court has

done so and , in any event, since the Defendants have not "failed to plead or defend as provided by

these rules..." as provided by F.R.C.P. 55 (no answer had been ordered at the time Plaintiff moved

for default), this Court will deny Plaintiff's request for relief with respect to default.


_____   **III. CONCLUSION**

Based on the foregoing, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915 (e)

(2) (B) (ii) and 1915A (b) (1) for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.



s/Freda L. Wolfson_____
**FREDA L. WOLFSON**
**UNITED STATES DISTRICT JUDGE**



**DATED:      September 1 , 2005**

8